## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| PANASONIC HOLDINGS CORP., | |
| | C.A. No. 6:22-cv-00755-ADA |
| *Plaintiff*, | |
| | |
| v. | **JURY TRIAL DEMANDED** |
| | |
| BROADCOM CORP., | |
| | |
| *Defendant*. | |

## DEFENDANT BROADCOM CORP.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Broadcom Corp. ("Defendant" or "Broadcom") hereby answers Plaintiff's Panasonic Holdings Corporation's ("Plaintiff" or "Panasonic") Complaint for Patent Infringement as follows. Unless specifically admitted, the allegations of Plaintiff's Complaint are denied:

### INTRODUCTION[1]

1.      Broadcom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

2.      Broadcom denies that it has infringed any of the Asserted Patents.  As to any other allegation, Broadcom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

---

[1] Broadcom repeats certain headings set forth in Plaintiff's Complaint to simplify comparison of Plaintiff's Complaint and this Answer. By doing so, Broadcom makes no admission regarding the substance of the headings or any other allegations of Plaintiff's Complaint and, in fact, unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Broadcom specifically denies it.

3.      Broadcom denies that it has infringed any of the Asserted Patents.  As to any other allegation, Broadcom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

## NATURE OF THE ACTION

4.      Broadcom admits that Plaintiff's Complaint purports to set forth claims for patent infringement under the patent laws of the United States. To the extent a further response is required, Broadcom denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

5.      Denied.

6.      Broadcom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

## PARTIES

7.      Broadcom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

8.      Broadcom admits that it is a California corporation and has a place of business at 2901 Via Fortuna Drive, Austin, Texas 78746.  Broadcom admits that it may be served in this case via Corporation Service Company.  Broadcom denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

## JURISDICTION AND VENUE

9.       Broadcom admits that Plaintiff's Complaint purports to set forth claims for patent infringement under the patent laws of the United States. Broadcom further admits that, to the extent Plaintiff's Complaint states an action arising under the patent laws of the United States, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Broadcom denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

10.     Broadcom does not contest this Court exercising personal jurisdiction over it for purposes of this action only. Broadcom denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

11.     Broadcom denies that it has infringed any of the Asserted Patents. Broadcom admits that it has a place of business at 2901 Via Fortuna Drive, Austin, Texas 78746.  Broadcom denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

12.     Broadcom does not contest this Court exercising personal jurisdiction over it for purposes of this action only. Broadcom denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

13.     Broadcom does not contest this Court exercising personal jurisdiction over it for purposes of this action only. Broadcom denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

14.     Broadcom does not contest that venue is proper in this District under 28 U.S.C. § 1400(b) for purposes of this action only.  Broadcom, however, reserves the right to seek any change of venue pursuant to 28 U.S.C. § 1404(a). Broadcom denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

15.     Broadcom denies that it has infringed any of the Asserted Patents. Broadcom admits that it has a place of business at 2901 Via Fortuna Drive, Austin, Texas 78746.  Broadcom denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

## **ASSERTED PATENTS**

16.     Broadcom admits that Plaintiff's Complaint purports to set forth claims for patent infringement with respect to the Asserted Patents under the patent laws of the United States. Broadcom denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

17.     Broadcom admits that Exhibit 1 to Plaintiff's Complaint appears to be a true and correct copy of the '492 Patent. As to any other allegation, Broadcom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

18.     Broadcom admits that Exhibit 2 to Plaintiff's Complaint appears to be a true and correct copy of the '485 Patent. As to any other allegation, Broadcom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

19.     Broadcom admits that Exhibit 3 to Plaintiff's Complaint appears to be a true and correct copy of the '404 Patent. As to any other allegation, Broadcom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

20.     Broadcom admits that Exhibit 4 to Plaintiff's Complaint appears to be a true and correct copy of the '424 Patent. As to any other allegation, Broadcom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

21.     Broadcom admits that Exhibit 5 to Plaintiff's Complaint appears to be a true and correct copy of the '528 Patent. As to any other allegation, Broadcom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

## NOTICE

22.     Broadcom admits that, on July 23, 2019, counsel for Panasonic sent a document entitled "Panasonic's Patent License Proposal" to outside counsel representing Broadcom in a

separate and unrelated case. The document speaks for itself. Broadcom denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

23.     Broadcom admits that, subsequent to July 23, 2019, counsel for Panasonic exchanged additional correspondence with outside counsel representing Broadcom in a separate and unrelated case related to Panasonic's Patent License Proposal. That correspondence speaks for itself. Broadcom denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

24.     Broadcom admits that, subsequent to July 23, 2019, counsel for Panasonic exchanged additional correspondence with outside counsel representing Broadcom in a separate and unrelated case related to Panasonic's Patent License Proposal. That correspondence speaks for itself. Broadcom denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

25.     Broadcom admits that, subsequent to July 23, 2019, counsel for Panasonic exchanged additional correspondence with outside counsel representing Broadcom in a separate and unrelated case related to Panasonic's Patent License Proposal. That correspondence speaks for itself. Broadcom denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

26.     Broadcom admits that, subsequent to July 23, 2019, counsel for Panasonic exchanged additional correspondence with outside counsel representing Broadcom in a separate and unrelated case related to Panasonic's Patent License Proposal. That correspondence speaks for itself. Broadcom denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     The Information Disclosure Statement filed on September 16, 2010, during prosecution of U.S. Patent Application No. 12/883,923 identified U.S. Patent Application Publication No. 2006/0294369. Broadcom denies any remaining allegations in this Paragraph of Plaintiff's Complaint.

33.     Broadcom respectfully refers the Court to the prosecution history regarding U.S. Patent Application No. 12/883,923 for its true and complete contents, and Broadcom denies any allegation inconsistent therewith.

34.     Denied.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 8,253,492**

35.     Broadcom repeats and incorporates its responses to the foregoing Paragraphs as though fully stated herein.

36.     Denied.

37.     Broadcom respectfully refers the Court to the '492 Patent for its true and complete contents, and Broadcom denies any allegation inconsistent therewith.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Broadcom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

48.     Denied.

49.     Denied.

50.     Denied.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 9,218,485**

51.     Broadcom repeats and incorporates its responses to the foregoing Paragraphs as though fully stated herein.

52.     Denied.

53.     Broadcom respectfully refers the Court to the '485 Patent for its true and complete contents, and Broadcom denies any allegation inconsistent therewith.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Broadcom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

64.     Denied.

65.    Denied.

66.    Denied.

<u>**COUNT III**</u>
<u>**INFRINGEMENT OF U.S. PATENT NO. 9,524,404**</u>

67.    Broadcom repeats and incorporates its responses to the foregoing Paragraphs as though fully stated herein.

68.    Denied.

69.    Broadcom respectfully refers the Court to the '404 Patent for its true and complete contents, and Broadcom denies any allegation inconsistent therewith.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Broadcom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

80.    Denied.

81.    Denied.

82.    Denied.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 10,970,424

83.     Broadcom repeats and incorporates its responses to the foregoing Paragraphs as though fully stated herein.

84.     Denied.

85.     Broadcom respectfully refers the Court to the '424 Patent for its true and complete contents, and Broadcom denies any allegation inconsistent therewith.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Broadcom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

96.     Denied.

97.     Denied.

98.     Denied.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 6,964,528

99.     Broadcom repeats and incorporates its responses to the foregoing Paragraphs as though fully stated herein.

100.    Denied.

101.    Broadcom respectfully refers the Court to the '528 Patent for its true and complete contents, and Broadcom denies any allegation inconsistent therewith.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Broadcom denies that it committed any "post-suit indirect infringement."  As to any other allegation, Broadcom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

## DEMAND FOR JURY TRIAL

115.    Plaintiff's demand for a trial by jury does not state any allegations, and Broadcom is therefore not required to respond. To the extent a response is nonetheless required, Broadcom denies any allegations in this Paragraph of Plaintiff's Complaint.

## PRAYER FOR RELIEF

Broadcom denies that Plaintiff is entitled to any of the relief sought in its Prayer for Relief or any other relief.

## DEFENSES

Broadcom asserts the following defenses set forth below. By pleading these defenses, Broadcom does not concede that it has the burden of proof as to any of them. Broadcom further reserves the right to allege additional defenses that become known throughout the course of discovery.

## FIRST DEFENSE (FAILURE TO STATE A CLAIM):

Plaintiff's claims for relief set forth in Plaintiff's Complaint fail in whole or in part as they fail to state a claim upon which any relief may be granted against Broadcom.

## SECOND DEFENSE (NON-INFRINGEMENT):

Broadcom has not and does not directly, indirectly, contributorily, and/or by inducement infringe any valid and enforceable claim of any of the Asserted Patents, either literally or under the doctrine of equivalents.

## THIRD DEFENSE (INVALIDITY):

One or more claims of the Asserted Patents are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including, without limitation, the requirements in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH DEFENSE (LIMITATION ON DAMAGES UNDER 35 U.S.C. § 286):**

Plaintiff has failed to plead and meet the requirements of 35 U.S.C. § 284. Plaintiff's recovery for alleged infringement of the Asserted Patents, if any, is limited to, at most, alleged infringement committed no more than six years prior to the filing of Plaintiff's Complaint, pursuant to 35 U.S.C. § 286.

**FIFTH DEFENSE (LIMITATION ON DAMAGES UNDER 35 U.S.C. § 287):**

Plaintiff has failed to plead and meet the requirements of 35 U.S.C. § 287. On information and belief, Plaintiff's recovery for alleged infringement of the Asserted Patents, if any, is limited to, at most, alleged infringement committed after Broadcom was put on actual notice of the alleged infringement.

**SIXTH DEFENSE (PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER):**

By reason of admissions, arguments, and/or amendments made by or on behalf of the applicants during the proceedings in the U.S. Patent and Trademark Office ("PTO") during prosecution of each of the applications that resulted in the issuance of the Asserted Patents (and/or any related applications), Plaintiff is estopped, in whole or in part, from construing any claim of the patents at issue to include any Broadcom products, processes, or methods, under the doctrines of prosecution history estoppel and/or disclaimer.

**SEVENTH DEFENSE (PATENT EXHAUSTION AND/OR LICENSE):**

On information and belief, Plaintiff's claims against Broadcom are barred, in whole or in part, as a result of patent exhaustion and/or a license to the Asserted Patents.

## **EIGHTH DEFENSE (IMPLIED LICENSE):**

On information and belief, Plaintiff's claims against Broadcom are barred, in whole or in part, by virtue of implied licenses granted to Broadcom and/or one or more third parties authorized to supply components to Broadcom.

## **NINTH DEFENSE (EQUITABLE DEFENSES):**

Plaintiff's claims against Broadcom are barred, in whole or in part, under principles of equity, including without limitation prosecution laches, equitable estoppel, waiver, acquiescence, and/or unclean hands.

## **RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES**

Broadcom reserves the right to amend or supplement its Answer. Broadcom has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses or counterclaims that may become available or apparent throughout the course of this action. Broadcom continues to investigate this matter and reserves the right to amend or seek to amend this Answer to assert any additional defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Broadcom requests the Court grant it the following relief:

A.      an Order denying all relief requested by Plaintiff and a judgment dismissing all of Plaintiff's claims against Broadcom with prejudice;

B.      a judgment declaring this an exceptional case under 35 U.S.C. § 285 and an award to Broadcom of its reasonable attorneys' fees and costs; and

C.      all other relief that the Court may determine to be just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Broadcom hereby demands a trial by jury of all triable issues.

Dated: September 12, 2022

Respectfully submitted:

*/s/ Paige A. Amstutz*

Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX  78701
Telephone:  (512) 495-6300
Facsimile:  (512) 495-6399
pamstutz@scottdoug.com

Russell A. Korn (*pro hac vice*)
Joshua H. Lee (*pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Ste. 2800
Atlanta, GA  30309-4528
Telephone: 404 815 6500
Facsimile: 404 815 6555
rkorn@kilpatricktownsend.com
jlee@kilpatricktownsend.com

Kristopher L. Reed (*pro hac vice*)
Edward J. Mayle (*pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1400 Wewatta Street, Suite 600
Denver, Colorado 80202
Telephone: (303) 607-4000
Facsimile: (303) 607-4321
kreed@kilpatricktownsend.com
tmayle@kilpatricktownsend.com

*Attorneys for Defendant Broadcom Corp.*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 12, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Paige A. Amstutz*